Argued and submitted February 28, conviction affirmed; judgment vacated and case remanded to reconsider probation conditions 4a and 4b April 4, 1990

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID ALLEN GILBERTSON,
*Appellant.*

(89-20630; CA A61311)

789 P2d 19

Henry M. Silberblatt, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Acting Public Defender, Salem.

Vera Langer, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## PER CURIAM

Defendant was found guilty of telephonic harassment. ORS 166.090. The court suspended imposition of sentence and placed defendant on probation for five years. He appeals, ORS 138.040; *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988), contending that some of the special conditions[1] relating to alcohol and drug use are not justified by any facts in the record and that two of the conditions are so inconsistent with each other that he is uncertain as to what conduct would constitute a violation.

The drug and alcohol use conditions are justified by the record. However, condition 4a requires that defendant abstain from the use of intoxicants and condition 4b requires that he is "not to use intoxicants in excess, providing that the use of intoxicants should not disrupt or interfere with domestic life, employment or proper community conduct." On their face, the two conditions are inconsistent.[2]

We cannot tell what the trial court meant to prohibit, and defendant is entitled to clarification.

Conviction affirmed; judgment vacated and case remanded to reconsider probation conditions 4a and 4b.

---

[1] Defendant filed a motion to modify the conditions in the trial court, which was denied. Accordingly, we may consider the probation conditions on appeal. *State v. Mortimore,* 94 Or App 179, 764 P2d 960 (1988); *State v. Kidd,* 61 Or App 292, 656 P2d 391 (1983).

[2] The state argues that the condition prohibiting any use of intoxicants "apparently" relates to illegal substances, whereas the condition prohibiting excessive use of intoxicants relates to alcohol.